# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4336

_____

Norman Banks,

   Appellant,

  v.

Ameren UE; Craig Sherrill,
doing business as Ameren UE;

   Appellees,

IBEW Local 1439,

   Defendant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*
\*
\*
\*
\*

_____

Submitted: April 6, 2007
Filed: April 19, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

  Norman Banks appeals the district court's[1] dismissal of his suit against his former employer, AmerenUE (AUE); his former supervisor, Craig Sherrill; and his

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

former union, IBEW Local 1439. Banks brought numerous claims and alleged numerous ways in which defendants wronged him. On appeal, however, Banks challenges the dismissal only as to certain issues surrounding his fraud claim, and his claim for penalty wages under Mo. Rev. Stat. § 290.110. Thus, we consider only those issues. See In re MidAm. Energy Co., 286 F.3d 483, 487 (8th Cir. 2002) (per curiam) (claims not raised in appeal brief are waived).

First, we agree with the district court that Banks failed to state a fraud claim under Missouri law because he did not allege reliance on any of defendants' allegedly fraudulent representations or actions. See Trimble v. Pracna, 167 S.W.3d 706, 712, 712 n.5 (Mo. 2005) (nine essential elements of fraud, including hearer's reliance on representation's truth; plaintiff cannot recover for fraud without establishing reasonable reliance on truth of representation claimed to be false). In fact, Banks's complaint shows that he believed the representations and actions to be fraudulent when each occurred.

Second, the district court did not abuse its discretion in denying Banks's motion to amend his complaint, which was filed after the final order of dismissal and after Banks had earlier stated in response to a dismissal motion that his allegations were "enough to cover the elements for fraud." Cf. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550-51 (8th Cir. 1997) (after complaint is dismissed, right to amend under Fed. R. Civ. P. 15(a) terminates; leave to amend may still be granted, but district court does not abuse its discretion in refusing to allow amendment of pleadings to change theory of case if no valid reason is shown for failure to present new theory at earlier time).

Third, Banks's penalty-wage claim failed because his February 11, 2005 request for penalty wages from AUE--nearly five years after his employment with AUE ended on March 1, 2000--was untimely under Missouri common law. See Monterosso v. St. Louis Globe-Democrat Publ'g Co., 368 S.W.2d 481, 485-86, 489 (Mo. 1963) (holding that requests for unpaid wages under § 290.110 which had been sent to employer at

least 90 days and in some cases 180 days after discharge were untimely because employees had waited an unreasonable amount of time to present the requests to employer).

Finally, the additional arguments Banks raises regarding his fraud claim are meritless.

Accordingly, we affirm.

_____